*E. H. Williams,* contra.

---

## 15849. BUNCH *v.* CITY OF MACON.

The court erred in allowing the amendment to the answer, and this error rendered the further proceedings nugatory.

DECIDED APRIL 16, 1925. ADHERED TO ON REHEARING, JUNE 11, 1925.

Complaint; from Bibb superior court—Judge Malcolm D. Jones. July 9, 1924.

Application for certiorari was made to the Supreme Court.

*C. L. Bartlett, W. A. McClellan,* for plaintiff.

*Grady Gillon, H. D. Russell,* for defendant.

PER CURIAM. This is the second appearance of this case in this court. For a statement of the pleadings and the evidence as presented on its first appearance here, and for the opinion of this court then rendered, see 29 *Ga. App.* 290 et seq. (115 S. E. 40). The judgment of the superior court granting a nonsuit was reversed by this court, and by writ of certiorari the case was carried to the Supreme Court, where the judgment of this court was affirmed. *City of Macon* v. *Bunch,* 156 *Ga.* 27 (118 S. E. 769).

On the last trial of this case in the superior court the defendant offered the following amendment to its answer.

"Par. 1. That a full complement of city detectives were employed immediately after the discharge of said J. E. Bunch, to wit, J. A. Alexander, T. E. Chambliss, Homer Hardison, T. F. Thompson, and J. H. Knight; and that J. E. Bunch can not maintain his action until such time as he may establish title to said office, and that title can then be maintained only against a de facto officer, should it be determined that he was entitled to said office.

"Par. 2. That the mayor and council of the City of Macon had provided by ordinance adopted January 6, 1920, that there should be a chief of detectives and four detectives, and that immediately thereupon the civil-service commission employed four detectives and a chief of detectives, which said employees constituted a full complement of detectives; said detectives so appointed were Homer Hardison, Chief, S. L. Morris, J. T. Clance, T. F. Thompson, and T. E. Chambliss.

"Par. 3. That in August, 1920, and two or three days subsequent to the abolishment of the civil-service commission, the chairman of the police committee gave said J. E. Bunch an opportunity to be tried, if said J. E. Bunch contended he was a member of the Macon police force. Defendant shows further that said J. E. Bunch failed and refused to accept such opportunity to stand trial, as was by law provided."

This amendment was allowed over objection, and was demurred to as follows: "1. Because paragraph 1 of said amendment does not allege that any of the persons named, to wit, J. A. Alexander, T. E. Chambliss, Homer Hardison, T. F. Thompson, and J. H. Knight, or either of them, had been specially appointed to said office in place of Bunch, who claimed to be the rightful officer, and who the paragraph alleges had been discharged from said office. 2. Because the 2d paragraph does not allege that either of the persons named, being the same as those set out in paragraph 1, who were appointed under said ordinance, were specially appointed in the place of J. E. Bunch, or that the appropriation for said detective force was paid to either of them specially in place of said Bunch; or that the salary which had previously been appropriated to pay the plaintiff had been specially paid to their [either?] of said persons named. 3. Because paragraph 3 of said amendment is insufficient in law, and because it does not allege in what way

the chairman of the police committee gave Bunch an opportunity to be tried; not [nor?] alleges that Bunch refused to be tried after charges had been preferred, or that any charges had ever been preferred, as required by the city charter, or that a trial had been had, or that he had been dismissed after trial and upon conviction; and that said paragraph was too vague and indefinite and wholly insufficient in law." The court overruled the demurrer, and the plaintiff filed exceptions pendente lite to the rulings as to the amendment. The trial of the case resulted in a verdict for the defendant, the plaintiff's motion for a new trial was overruled and in his final bill of exceptions error was assigned on the exceptions pendente lite and the refusal of a new trial.

That the 3d paragraph of the amendment was subject to the demurrer lodged against it is clear. The former decision of this court and that of the Supreme Court in this case, to which reference is made above, settle the questions sought to be raised by paragraphs 1 and 2 of the amendment, adversely to the contention of the defendant. The entire amendment therefore should have been stricken. This error rendered the further proceedings nugatory.

*Judgment reversed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*